(No. 12952.—Judgment affirmed.)

THE BROADWAY BANK OF ST. LOUIS, Plaintiff in Error, *vs.* THE McGEE CREEK LEVEE AND DRAINAGE DISTRICT, Defendant in Error.

*Opinion filed April 21, 1920.*

1. WORDS AND PHRASES—*meaning of the word "funds."* The term "funds" includes property of every kind which is contemplated as something to be used for payment of debts, or a certain amount of money which, when collected, is to be applied to a particular purpose.

2. DRAINAGE—*uncollected assessment which has been remitted is not "funds now in the treasury."* Where drainage commissioners borrow money under section 38 of the Levee act and issue a warrant "on funds now in the treasury," the uncollected excess of an assessment over the amount of the bonds issued, which excess has been remitted, cannot be considered as funds in the treasury, although the order remitting said excess is void. (*Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 Ill. 260, distinguished.)

3. SAME—*when holder of warrant is not entitled to money decree.* The holder of a warrant issued by drainage commissioners for money borrowed under section 38 of the Levee act is not entitled, in a proceeding to establish a lien, to have a money decree in the nature of a deficiency decree against the district, where it cannot be ascertained whether any part of the warrant, which does not, in terms, fall due at any particular time, will remain unpaid after the assessment against which it is drawn is collected.

4. SAME—*power of county court to direct that warrant be paid out of any assessment.* Where drainage commissioners, after levying two assessments, borrow money under section 38 of the Levee act and issue a warrant against the excess of the second assessment over the amount of the bonds, the county court, if necessary when the warrant matures, may direct that payment be made out of the excess of both assessments though the excess of the original assessment has been erroneously remitted.

5. SAME—*a district cannot borrow money except by statutory method.* The powers of a drainage district are limited to those prescribed by statute, and a district cannot borrow money except by the statutory method.

6. SAME—*purpose of the provision limiting borrowing power of commissioners.* The purpose of the provision of the Levee act limiting the borrowing power of the commissioners is to keep the debts of the drainage district within the assessment for benefits, and the

county court has power to authorize the borrowing of money within those limits and to direct that the money borrowed shall be re-paid from the balance of any assessment or assessments over the bonds outstanding against such assessment.

Writ of Error to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. Harry Higbee, Judge, presiding.

George J. Breaker, Ben H. Matthews, and William & Barry Mumford, (William M. Fitch, of counsel,) for plaintiff in error.

W. E. Williams, and A. Clay Williams, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This cause comes to this court on writ of *certiorari* to the Appellate Court for the Third District to review the judgment there entered on appeal from the circuit court of Pike county.

Defendant in error is a levee and drainage district organized in the county court of Pike county, Illinois, in 1905, and comprises about 11,000 acres of bottom lands subject to overflow from the Illinois river. In order to pay for the construction of certain levees, drains and ditches and to purchase the necessary pumping plant and equipment, an original assessment was extended against the lands in the district to the amount of $123,688.93, against which bonds were issued, as provided by statute, in an amount equal to ninety per cent of such original assessment and made a lien against the whole of the original assessment. This assessment was divided into fifteen payments, the first due December 1, 1911, and the last due December 1, 1925. The original assessment was found to be insufficient to pay for the proposed construction, the proposed installation of a pumping plant, etc., and a petition for an additional assess-

ment of $62,720 was filed to the June term, 1908, of the county court. The second or additional assessment was confirmed by said court on September 7, 1908, and bonds to the amount of ninety per cent of the additional assessment were issued and made a lien against the whole of the additional assessment. This assessment was divided into eleven installments, the first falling due December 1, 1911, and the last December 1, 1921. At the time of the presentation of the petition for the additional assessment the commissioners of the district asked the court to remit to the land owners that portion of the ten per cent of the original assessment which should not be required to pay the bonds issued against it. The additional assessment was confirmed, and the court ordered that the portion of ten per cent of the original assessment not required to pay the bonds issued against the same should be remitted and not collected.

The second or additional assessment proved to be insufficient to complete the improvement, and in order to avoid the expense and delay of a third assessment the commissioners filed a petition in the county court to the April term, 1909, for leave to borrow, under authority of section 38 of the Levee act, a sum of money not exceeding $7000 and to issue notes or warrants against any funds then on hand in the treasury of the district and against the ten per cent of the last or additional assessment of $62,720, which warrants, when issued, were to bear interest from date at six per cent per annum. On this petition the county court ordered "that said commissioners be and they are hereby authorized to issue warrants against any funds now in the treasury of said district and against said last special assessment in excess of ninety per cent thereof, and that they be authorized to negotiate said bonds at their face value and to use the proceeds thereof for the completion of said work." Subsequent to said order the commissioners on April 3, 1909, executed and delivered to J. E. Franklin, from whom this money was borrowed, their warrant for the sum of $7000,

to be paid "out of any moneys now in the treasury of said district and out of any moneys from any assessments now levied not otherwise appropriated, with interest from date at the rate of six per cent per annum." This warrant was subsequently, for value received, assigned to and became the property of the plaintiff in error.

The plaintiff in error filed its amended bill of complaint in the circuit court of Pike county for the purpose of (1) setting aside the order of the county court, entered in 1908, remitting that part of the original assessment which was not required to pay the first issue of bonds; (2) to make said warrant a lien on the surplus of both the original and additional assessments after both issues of bonds were retired; (3) to enjoin and restrain the commissioners from impairing said lien. The defendant in error by its answer admitted certain allegations of the amended bill but expressly denied the allegation that the warrant was a lien against any part of the original assessment. The chancellor found and decreed that the warrant under date of April 3, 1909, was a lien against the surplus of the original assessment as well as the additional assessment after the bonds were paid, and set aside the order of the county court, entered in 1908, remitting that part of the original assessment not required to pay the first bond and enjoined the commissioners from impairing said lien. The defendant in error appealed to the Appellate Court, where it was held that the warrant was not a lien against the original assessment or any part thereof, and to this extent the decree of the circuit court was modified and as modified affirmed.

It is contended by the plaintiff in error that the Appellate Court erred in modifying the decree of the circuit court; that it should have taken such action as would give to the plaintiff in error the security of a judgment against the defendant in error, either there or on remanding the cause to the circuit court. It is evident from an examination of the petition filed by the commissioners for authority

of the county court to borrow the $7000 involved and the
·order of the court on said petition, that the commissioners
were authorized to borrow this money in anticipation of
the collection of the second assessment, and that the war-
rant issued by the commissioners was to be paid out of
the second assessment, subject to the lien of the bonds for
ninety per cent of such assessment. It follows, therefore,
that the only fund against which this warrant is a lien is
the fund arising from the ten per cent of the second assess-
ment over and above the bonds issued thereon and funds·
then in the treasury.

But it is urged by plaintiff in error that the order and
warrant were made also a lien against any funds in the
treasury, and that since the order of the court remitting ten
per cent of the original assessment was void, such portion
of the original assessment should be considered funds in
the treasury for the purpose of paying said warrant. It
contends that such ten per cent of the original assessment
was assets in the hands of the district at the time the war-
rant was issued, and further contends that the words "funds
now in the treasury," used by the county court in authoriz-
ing the loan, include the surplus of the original assessment
over and above the first ninety per cent thereof, and cites
in support of its contentions, *Spring Creek Drainage District*
v. *Elgin, Joliet and Eastern Railway Co.* 249 Ill. 260. The
question in that case was whether or not, at the time the
debt there questioned was contracted, the district was in
debt over and above all its assets, it being there claimed
that if such was the case the contract was null and void to
the extent that the obligation exceeded the funds on hand
at the time the contract was made. It appeared from the
record in that case that the district owned a certain parcel
of real estate, of the value of $8000, that was not neces-
sary for use for right of way purposes of the district but
which the district had bought and paid for out of the
previous assessment collected. The court held that by rea-.

son of the fact that the district had collected and had had as funds in its hands from the original assessment the amount used to buy the strip of ground in question, said strip of land represented the money collected and would likewise be considered funds in the hands of the district. The term "funds" has been defined to be property of every kind when such property is contemplated as something to be used for payment of debts. (Anderson's Law Dict. 482.) It has also been held to be a certain amount of money which, when collected, is to be applied to a particular purpose. (*People* v. *New York Central Railroad Co.* 34 Barb. 123.) The language, "funds now in the treasury," used in the order of the county court authorizing this debt, is not, however, susceptible of the broad construction claimed by plaintiff in error. The language, "now in the treasury," cannot be here applied to the original benefit assessment now uncollected and which will not be collected for some years to come. This is made evident in this record by the fact that the county court ordered said ten per cent to be remitted to the land owners and supposed at that time that it had authority so to do, and it cannot be supposed that it intended to include such assessment by the use of the language, "funds now in the treasury."

But it is earnestly urged on the part of the plaintiff in error that it is entitled to have a money decree in the nature of a deficiency decree, and that unless it be given a lien against the uncollected ten per cent of the original assessment it will be without remedy for the payment of more than half the warrant. It is contended, on the other hand, by the defendant in error that ten per cent of the second assessment, together with the interest accruing thereon, when collected, will be sufficient to pay this warrant and the interest thereon. If that be true, then, of course, plaintiff in error is not harmed by the decision of the Appellate Court limiting its recovery to the second assessment. The warrant does not, in terms, fall due at any particular time, but it

is evident from the order of the court authorizing the warrant that it is not to become due until the collection of the second assessment. This assessment is divided into eleven installments, the first of which was due in 1911 and the last will be due in 1921, at which time the warrant becomes due. Since the warrant will not be due until the collection of the last installment of the second assessment, and since it is not known what, if any, part of the warrant will remain unpaid after the lien against the second assessment is exhausted, there can be no basis for entering such money decree, and plaintiff in error is not now entitled thereto.

In view of the fact that the whole of the $7000 was to pay for work in the district which had been authorized and for which there was in the first and second assessments a sufficient amount uncollected, over and above the bonds, to meet this entire warrant, the county court might have made the warrant a lien against both assessments, as such a loan was not wholly *ultra vires* the district. Nor do we see any reason why the county court may not still direct that it be paid out of both assessments, if need be.

This case is not similar to *Badger* v. *Inlet Drainage District,* 141 Ill. 540, and *Winkelmann* v. *Moredock Drainage District,* 170 id. 37, cited by defendant in error to support its contention that this loan, so far as it may not be paid out of the second assessment, is a void loan. In those cases the commissioners contracted certain debts and afterward sought to levy an assessment to pay the same, and it was held that the commissioners were without power so to do. Nor is this a case where the debt sought to be contracted was in excess of the amount of the unpaid assessments, as was the case in *Badger* v. *Inlet Drainage District, supra,* where it was held that the commissioners have no power to borrow money in excess of the amount of the assessments unpaid. Here there will be ample funds arising from the two assessments to meet this warrant when all have been collected. The county court authorized this loan. It

is within the limits prescribed by the statute. The only apparent reason for not including the original assessment within the lien was that the county court erroneously supposed the balance of such assessment had been remitted.

The statute provides the method by which money may be borrowed by a drainage district. It cannot be done by any other method. The powers of a drainage district are limited to those prescribed by the statute. (*Badger* v. *Inlet Drainage District, supra; Winkelmann* v. *Moredock Drainage District, supra.*) The purpose of the provision limiting the borrowing power of the commissioners is to keep the debts of the district within the assessment for benefits. The county court has power to authorize the borrowing of money within those limits and to direct that the money borrowed shall be re-paid from the balance of any assessment or assessments over and above the bonds outstanding against such assessment. This is clearly a debt within those limits, authorized by a court having power so to do. There appears to be no equitable ground for defeating this debt. The money borrowed was used for the benefit of the district. The loan was authorized. The order of the county court authorizing the loan is not before us for review.

Plaintiff in error's amended bill alleged that the warrant was by the order of the county court made a lien against the original as well as the second assessment. This averment is not borne out by the proof. The Appellate Court did not err in modifying the decree of the circuit court so as to exclude the original assessment from the effect of the warrant as a lien. It does not follow from the judgment of the Appellate Court, nor from anything appearing in the record, that the plaintiff in error is to be precluded from having the balance of its claim over and above the amount realized from the second assessment after such claim has matured.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*